802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Timothy HUFFMAN, Defendant-Appellant.
 No. 85-3860.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 
 Before LIVELY, Chief Judge, and KENNEDY and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In early 1982 defendant Huffman began employment with Bank One, a member bank of the Federal Reserve, in Columbus, Ohio. Subsequently, he became a service technician for the bank which required him to maintain and service the bank' § various automatic tellers in Columbus. One key responsibility was to refill the machines with currency for customers when the automatic teller locations ran low; another was to effect service and minor repairs, Huffman had access to the keys at each bank branch that enabled him to enter all the bank teller locations. He also had access to the safe combinations in each automated teller, These safes contained the currency used to refill the machines,
 
 
 2
 After reporting for work on December 18, 1982, Huffman proceeded on his route to the various branches where the automatic tellers were located. Pretending to repair and refill each, Huffman instead took very substantial amounts of currency from each teller machine, leaving enough money, however, to prevent a computer readout that the machines were low on currency. Defendant persuaded his brother to accompany him at each stop to hold the cash removed. Between 8:00 a.m. and 11:00 p.m. on December 18, Huffman and his brother removed over $400,000 from twenty-seven automated teller machines at twenty-six different locations in Columbus.
 
 
 3
 Huffman then fled the country, journeying to New Zealand and Australia, finally being apprehended and extradited to Ohio, where he pled guilty to four counts of the indictment for bank embezzlement under a plea agreement.
 
 
 4
 Judge Holschuh, the District Court Judge, sentenced Huffman to an effective total term of ten years, well under the maximum term that might have been imposed, and, in addition, imposed a period of five years probation plus restitution of $100,000 to the employer bank.
 
 
 5
 Huffman moved the district court for a correction of sentence under Rule 35(a) of the Federal Rules of Criminal Procedure arguing that the sentences on separate counts were, in effect, multiplicitous because he contended he had committed only one offense, embezzlement, in a single morning from only one banking institution. The sentencing judge carefully considered the motion and all the issues raised therein, which are now the subject of appeal since defendant's motion was overruled in its entirety.
 
 
 6
 We AFFIRM the action of the district court for the reasons stated in Judge Holschuh's memorandum and order of denial dated September 25, 1985.